IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANITA JACOBS : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION FILE NO. |
| : | 1:10-CV-4107-TWT-LTW |
| SHIVAN PHILLIPS, SYLVIA RAINEY, : | |
| and UNITED HEALTHCARE, : | |
| : | |
| Defendants. : | |

### MAGISTRATE JUDGE'S ORDER AND REPORT AND RECOMMENDATION

Plaintiff seeks to file this civil complaint without prepayment of fees and costs or security therefor pursuant to 28 U.S.C. § 1915(a) (1964). After consideration by the Court of Plaintiff's affidavit of indigency, the Plaintiff's motion to proceed in forma pauperis is hereby **GRANTED** pursuant to Section 1915(a), and the Plaintiff shall be allowed to proceed with this action without prepayment of docket costs or United States Marshal Service fees.

Because Plaintiff is proceeding without paying filing fees, however, the Court shall consider the frivolity of Plaintiff's complaint pursuant to 25 U.S.C. § 1915(e)(2). Section 1915(e)(2) provides that a federal court is required to dismiss an *in forma pauperis* complaint at any time if the court determines that the allegation of poverty is untrue, or that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it appears from the face of the complaint

that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993), cert. denied, 510 U.S. 893 (1993). Additionally, a complaint that is grounded on fanciful, delusional, or fantastic allegations is indisputably meritless and consequently, frivolous. See Denton v. Hernandez, 504 U.S. 25, 32-33 (1992). In this case, Plaintiff's legal theory is that Defendants have discriminated against her on the basis of her national origin in violation of Title VII of the Civil Rights Act of 1964, but some of Plaintiff's claims are filed against individual Defendants. Title VII does not allow for complaints against individual defendants. Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). Because Plaintiff's claims against individual Defendants Shivan Phillips and Sylvia Raney fail to state a claim, this Court **RECOMMENDS** that they be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii).

In light of the facts presented by Plaintiff, however, this Court cannot find that the claims against United Healthcare are entirely frivolous or malicious. See Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989). Therefore, this action shall be allowed to proceed as any other civil action as to Plaintiff's claims against United Healthcare. For the reasons given, **IT IS ORDERED** that, pursuant to 28 U.S.C. § 1915, Plaintiff's civil rights action against United Healthcare be **ALLOWED TO PROCEED** as any other civil action.

The Clerk is hereby **DIRECTED** to send Plaintiff the USM 285 form, summons, and the initial disclosures form. Plaintiff is **DIRECTED** to complete the USM 285

2

form, summons, and the initial disclosures form, and to return them for Defendant United Healthcare within twenty (20) days from the entry date of this Order to the Clerk of Court.  Plaintiff is warned that failure to comply in a timely manner could result in the dismissal of this civil action.  The Clerk is **DIRECTED** to resubmit this action to the undersigned if Plaintiff fails to comply.

Upon receipt of the forms by the Clerk, the Clerk is **DIRECTED** to prepare a service waiver package for Defendant United Healthcare.  The service waiver package must include two (2) Notices of Lawsuit and Request for Waiver of Service of Summons (prepared by the Clerk), two (2) Waiver of Service of Summons forms (prepared by the Clerk), an envelope addressed to the Clerk of Court with adequate first class postage for use by Defendant United Healthcare for return of the waiver form, one (1) copy of the complaint, one (1) copy of the initial disclosures form, and one (1) copy of this Order. The Clerk shall retain the USM 285 form(s) and the summons(es).

Upon completion of the service waiver package, the Clerk is **DIRECTED** to complete the lower portion of the Notice of Lawsuit and Request for Waiver form and to mail the service waiver package to Defendant United Healthcare.  Defendant United Healthcare has a duty to avoid unnecessary costs of serving the summons. If Defendant United Healthcare fails to comply with the request for waive of service, it must bear the costs of personal service unless good cause can be shown for failure to return the Waiver of Service form.

In the event Defendant United Healthcare does not return the Waiver of Service

form to the Clerk of Court within thirty-five (35) days following the date the service waiver package was mailed, the Clerk is **DIRECTED** to prepare and transmit to the U.S. Marshal's Service a service package for Defendant United Healthcare. The service package must include the USM 285 form, the summons, and one (1) copy of the complaint. Upon receipt of the service package(s), the U.S. Marshal's Service is **DIRECTED** to personally serve United Healthcare. The executed waiver form or the completed USM 285 form shall be filed with the Clerk.

Plaintiff is **DIRECTED** to serve upon Defendant United Healthcare or its counsel a copy of every additional pleading or other document which is filed with the Clerk of the Court. Each pleading or other document filed with the Clerk shall include a certificate stating the date on which an accurate copy of that paper was mailed to Defendant United Healthcare or its counsel. This Court shall disregard any submitted papers which have not been properly filed with the Clerk or which do not include a certificate of service.

Plaintiff is also **REQUIRED** to **KEEP** the Court and Defendant advised of her current address at all times during the pendency of this action. Plaintiff is admonished that the failure to do so may result in the dismissal of this action.

**IT IS SO ORDERED AND REPORTED AND RECOMMENDED**, this 15th day of March, 2011.

s/Linda T. Walker  
LINDA T. WALKER  
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SANITA JACOBS<br><br>    Plaintiff,<br><br>v.<br><br>SHIVAN PHILLIPS, SYLVIA RAINEY,<br>and UNITED HEALTHCARE,<br><br>    Defendants. | :<br>:<br>:<br>:<br>:<br>:   CIVIL ACTION FILE NO.<br>:   1:10-CV-4107-TWT-LTW<br>:<br>:<br>:<br>:<br>: |

**<u>ORDER FOR SERVICE OF REPORT AND RECOMMENDATION</u>**

Attached is the report and recommendation of the United States Magistrate Judge made in this action in accordance with 28 U.S.C. § 636 and this Court's Local Rule 72.1C. Let the same be filed and a copy, together with a copy of this Order, be served upon counsel for the parties.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the report and recommendation **<u>within fourteen (14) days of the receipt of this Order</u>**. Should objections be filed, they shall specify with particularity the alleged error or errors made (including reference by page number to the transcript if applicable) and shall be served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the district court. If no objections are filed, the report and recommendation may be adopted as the opinion and order of the district court and any appellate review of factual findings will be limited to a plain error review. <u>United States v. Slay</u>, 714 F.2d 1093 (11th Cir. 1983), <u>cert. denied</u> 464 U.S. 1050 (1984).

The Clerk is directed to submit the report and recommendation with objections, if any, to the district court after expiration of the above time period.

**SO ORDERED**, this 15th day of March, 2011.

                                          s/Linda T. Walker
                                          LINDA T. WALKER
                                          UNITED STATES MAGISTRATE JUDGE